IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:02-cr-00045-SPM-AK

KENO A. THOMPSON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 270, Motion to Vacate under 28 U.S.C. § 2255, by Keno A. Thompson. The basis for this motion is counsel's alleged ineffectiveness for failing to appear for a hearing on the Government's Rule 35 motion and to argue an issue of credit for time served. According to Defendant:

> Counsel could have, but did not, appear on behalf of his client, further, he could have, but did not, argue the issue of time served credit resulting from the concurrent State of Florida, and the Federal Judgment and Commitment orders, as he expressed his intentions to do so in his March 23, 2006, letter of correspondence to the United States Attorney's Office.

Doc. 270, Memorandum at 7.

Defendant operates under several flawed premises. First, there was no actual courtroom hearing on the Government's Rule 35 motion. Defendant's attorney did in fact seek a hearing on the Government's motion so that he could "present the extent of the Defendant's cooperation and assistance to the Government and other related matters." Doc. 243. However, the Court

granted the Government's motion without hearing, reducing Defendant's sentence from 75 months imprisonment to 55 months imprisonment and denying Defendant's request for hearing as moot. Doc. 267. Thus, counsel was never afforded an opportunity to argue the issue of whether Defendant should be credited for time served beyond his letter on that issue to the Government.

Furthermore, even if counsel had brought the issue to the Court's attention, the Court could not have considered the matter. Section 3585(b) of Title 18 of the United States Code governs the issue of credit for time served and provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.[1]

18 U.S.C. § 3585(b). In *United States v. Wilson*, 503 U.S. 329 (1992), the United States Supreme Court considered whether, under § 3585(b), the responsibility for computing credit for time served rests with the Attorney General (as it had previously) or with the district court. *Wilson* held:

> [T]he Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568....[E]ven though § 3585(b) no longer mentions the Attorney General, we do not see how he can avoid determining the amount of a

---

[1] Before the enactment of § 3585 in 1987, the granting of credit in this situation was controlled by 18 U.S.C. § 3568, which specifically stated that the responsibility for granting credit for time served rested initially with the Attorney General.

defendant's jail-time credit.

\* \* \*

> Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*Wilson*, 503 U.S. at 335. This process of calculating credit for time served is effected through the Bureau of Prisons, which has "developed detailed procedures and guidelines for determining the credit available to prisoners." *Id*. After a federal prisoner has had his credits computed by the Bureau, he may seek review of this decision through the appropriate administrative channels. *Id*. Only when the prisoner has exhausted his administrative remedies may he seek judicial review of the computation. *Id*.

Thus, counsel's failure to bring this issue to the Court's attention in his response to the Government's Rule 35 motion was not deficient since the Court could not have addressed the issue of credit for time served because, according to *Wilson*, it is initially a matter purely for the Bureau of Prisons. In short, counsel was not ineffective as charged by Defendant.

Defendant is not without redress on the issue of credit for time served, as he may pursue his administrative avenues within the Bureau of Prisons and, after fully exhausting those avenues, he may file a § 2241 habeas corpus petition in the federal district court in the district of confinement.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 270, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of May, 2006.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**